**BIBIYAN LAW GROUP, P.C.**
Molly A. DeSario, (SBN 230763)
*mdesario@tomorrowlaw.com*
Calyn V. Hadlock, (SBN 352401)
*calyn@tomorrowlaw.com*
Sareen K. Khakh, (SBN 359245)
*sareen@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MARION J. CARROLL and
on behalf of all others similarly situated

## DISTRICT COURT OF THE UNITED STATES OF AMERICA

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION J. CARROLL, an individual and on behalf of all others similarly situated, | CASE NO.: 3:24-cv-01443-RSH-BJW |
| Plaintiff, | **AMENDED CLASS ACTION COMPLAINT FOR:** |
| v. | 1. FAILURE TO PAY OVERTIME WAGES; |
| AMERI-FORCE CRAFT SERVICES, INC., a Delaware Corporation; NATIONAL STEEL AND SHIPBUILDING COMPANY, a Nevada Corporation doing business as DYNAMICS NASSCO CA; MISAEL VIDAMA, an individual; and DOES 1 through 100, inclusive, | 2. FAILURE TO PAY MINIMUM WAGES; |
| | 3. FAILURE TO PROVIDE MEAL PERIODS; |
| | 4. FAILURE TO PROVIDE REST PERIODS; |
| | 5. WAITING TIME PENALTIES; |
| | 6. WAGE STATEMENT VIOLATIONS; |
| Defendants. | 7. FAILURE TO INDEMNIFY; and |
| | 8. VIOLATION OF LABOR CODE § 227.3 |
| | **DEMAND FOR JURY TRIAL** |
| | [Amount in Controversy Exceeds $35,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

AMENDED CLASS ACTION COMPLAINT

Plaintiff MARION J. CARROLL, on behalf of Plaintiff and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, against Ameri-Force Craft Services, Inc., and any of its respective subsidiaries or affiliated companies within the State of California ("AMERI-FORCE"); National Steel and Shipbuilding Company, doing business as Dynamics Nassco CA, and any of its respective subsidiaries or affiliated companies within the State of California ("NATIONAL STEEL") (collectively, with AMERI-FORCE and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A.     Plaintiff

2. Plaintiff MARION J. CARROLL is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, welding various components.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff MARION J. CARROLL worked for Defendants from approximately August of 2023 through to approximately April of 2024.

### B.     Defendants

3. Plaintiff is informed and believes and based thereon alleges that defendant AMERI-FORCE is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Diego, State of California.  Plaintiff is informed and believes, and based thereon alleges, that AMERI-FORCE is a labor contractor that provides outplacement staffing and payroll services for various industries and professions, including for NATIONAL STEEL.  At all relevant times herein, AMERI-FORCE employed Plaintiff and similarly situated employees within the State of California.

4.      Plaintiff is informed and believes and based thereon alleges that defendant NATIONAL STEEL is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Nevada and doing business in the County of San Diego, State of California.  At all relevant times herein, NATIONAL STEEL employed Plaintiff and similarly situated employees within the State of California.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include AMERI-FORCE, NATIONAL STEEL, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

6.      Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

7.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto,

1   said corporate employers participated in the aforementioned acts and conduct of their said employees,

2   agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct

3   of said corporate employees, agents, and representatives, the defendant corporation respectively and

4   collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise

5   approved of each and all of the said acts and conduct of the aforementioned corporate employees,

6   agents and representatives.

7       8.      Plaintiff is informed and believes, and based thereon allege, that there exists such a

8   unity of interest and ownership between Defendants, and each of them, that their individuality and

9   separateness have ceased to exist.

10      9.      Plaintiff is informed and believes, and based thereon alleges that despite the formation

11  of the purported corporate existence of AMERI-FORCE, NATIONAL STEEL, and DOES 1 through

12  50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with DOES

13  51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following

14  reasons:

15          A.   The Alter Ego Defendants are completely dominated and controlled by the Individual

16              Defendants who personally committed the wrongful and illegal acts and violated the

17              laws as set forth in this Complaint, and who has hidden and currently hide behind the

18              Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some

19              other wrongful or inequitable purpose;

20          B.   The Individual Defendants derive actual and significant monetary benefits by and

21              through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego

22              Defendants as the funding source for the Individual Defendants' own personal

23              expenditures;

24          C.   Plaintiff is informed and believes and thereon alleges that the Individual Defendants

25              and the Alter Ego Defendants, while really one and the same, were segregated to appear

26              as though separate and distinct for purposes of perpetrating a fraud, circumventing a

27              statute, or accomplishing some other wrongful or inequitable purpose;

28

D.    Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.    The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.    Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

10.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## **JURISDICTION**

11.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

12.    Venue is proper in San Diego County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, San Diego County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and

1    Defendants was actually performed; and the county in which Defendants, or some of them, reside.

2    Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in San

3    Diego County, and because Defendants employ numerous Class Members in San Diego County.

4    **FACTUAL BACKGROUND**

5    13.      For at least four (4) years prior to the filing of this action and continuing to the present,

6    Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of

7    them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff

8    and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

9    consecutive work days in a work week without being properly compensated for hours worked in

10   excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

11   worked on the seventh consecutive work day in a work week by, among other things, failing to

12   accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the

13   detriment of Plaintiff and Class Members.

14   14.      For example, in or around October of 2023–in particular the week of October 23

15   through October 29, 2023, Plaintiff was not paid all overtime wages owed. Defendants failed to

16   compensate Plaintiff for the time he spent working before starting a work assignment–but while still

17   compelled to be on Defendant's premises in accordance with his scheduled work time. This included,

18   but was not limited to, approximately fifteen  minutes of time spent waiting in line at the tool room to

19   collect the tools necessary for the day's work, approximately ten minutes of time spent at the security

20   checkpoints, and approximately ten minutes of time spent waiting in line to clock in. These lines

21   included both employees of AMERI-FORCE and NASSCO. As a matter of policy and practice,

22   Defendant AMERI-FORCE declined to pay Plaintiff for time that he had worked when not recorded

23   by Defendant NATIONAL STEEL. As such, overtime hours went unrecorded.

24   15.      For at least four (4) years prior to the filing of this Action and continuing to the present,

25   Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of

26   them, in violation of California state wage and hour laws as a result of, among other things, at times,

27   failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

28

1   above the minimum wage to the detriment of Plaintiff and Class Members.

2        16.      For example, in or around November of 2023, in particular the week of November 6

3   through November 11, 2023, Defendants failed to compensate Plaintiff for the time he spent working

4   before starting a work assignment – but while still compelled to be on Defendants' premises in

5   accordance with his scheduled work time. This included, but was not limited to, approximately fifteen

6   minutes of time spent waiting in line at the tool room to collect the tools necessary for the day's work,

7   approximately ten minutes of time spent at the security checkpoints, and approximately ten minutes

8   of time spent waiting in line to clock in. Plaintiff personally observed that these lines included both

9   employees of AMERI-FORCE and NATIONAL STEEL. As a matter of policy and practice,

10   Defendant AMERI-FORCE declined to pay Plaintiff for time that he had worked when not recorded

11   by Defendant NATIONAL STEEL.

12        17.      For example, in or around November of 2023, in particular the week of November 6

13   through November 11, 2023, Plaintiff was not paid all minimum wages owed due to detrimental

14   rounding that occurred on NASSCO time clocks. Plaintiff observed that these time clocks were used

15   by both AMERI-FORCE and  NATIONAL STEEL employees. As a matter of policy and practice,

16   Defendant AMERI-FORCE declined to pay Plaintiff for time that he had worked when not recorded

17   by Defendant NATIONAL STEEL.

18        18.      For at least four (4) years prior to the filing of this Action and continuing to the present,

19   Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely

20   thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours

21   in a work day and a second thirty (30) minute uninterrupted meal period for days on which they

22   worked in excess of ten (10) hours in a work day, and failing to provide compensation for such

23   unprovided meal periods as required by California wage and hour laws.

24        19.      For example, the week of March 11 through March 17, 2024, Defendant failed to

25   provide Plaintiff with a complete, timely, 30 minute, duty-free uninterrupted meal period for every

26   five hours of work. During the week of March 11, 2024, Plaintiff was prevented from taking a timely

27   meal period on at least one occasion as Plaintiff was required, as a matter of policy and practice, to

28

only end work and move to the meal period area when the bell rang and he was placed on the ship in the dry dock area to do repair work. This area was a 15-to-20-minute walk away from the break area. Plaintiff personally observed AMERI-FORCE and NATIONAL STEEL employees working in similar areas. Defendants knew this occurred because Plaintiff would arrive late to lunch due to their location. Plaintiff did not receive a premium payment. Plaintiff observed other employees who were subject to these same policies and procedures.

20.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

21.     For example, the week of March 11 through March 17, 2024, Defendant failed to provide Plaintiff with complete, timely, 10-minute rest periods for every four hours worked or major fraction thereof. Plaintiff was prevented from taking a timely or complete rest period on at least one occasion as Plaintiff was placed on the ship in the dry dock area to do repair work, which was a 15-to-20-minute walk away from the break area. Plaintiff personally observed AMERI-FORCE and NATIONAL STEEL employees working in similar areas. Defendants knew this occurred because Plaintiff skip rest breaks or arrive late for them. Plaintiff did not receive a premium payment. Plaintiff observed other employees who were subject to these same policies and procedures.

22.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

23.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

24.    For example, the hours Plaintiff spent under Defendants' control waiting to collect his tools, going through security, and waiting in line to clock in were not recorded and went uncompensated.

25.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred using cellular phones for work-related purposes.

26.    For example, the week of February 12, 2024, Plaintiff was contacted by his supervisors on his personal cellular phone. Plaintiff had no choice but to incur these costs in furtherance of Defendants' business and had no alternative options. Plaintiff understands his direct supervisors to be NATIONAL STEEL employees and was contacted by them about work matters on his personal cell phone. As a matter of policy and practice, Defendants AMERI-FORCE and NATIONAL STEEL did not reimburse Plaintiff for cell phone use.

27.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

28.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

29.    Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 227.3, 245, *et seq.,* 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8,

section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

30.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

31.    While on NASSCO's premises, and in fact during the entirety of his employment period, Defendants required Plaintiff to follow NASSCO's policies and instruction, including what time to take meal and rest breaks, and when and how to clock in and out for a shift. NASSCO also set forth the standards for Plaintiff's work product, and even issued him a written notice in February of 2024 for allegedly failing to meet those standards.

32.    Based on Plaintiff's experience, there was little to no distinction between those employees who were staffed to work on NASSCO's premises and those employees who were hired directly by Defendant NASSCO to work on premises. This similar treatment included how and when putative class members took meal rest breaks, how and when putative class members clocked in and out for their shift, and the performance standards to which putative class members were held by Defendants.


## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California from April 24, 2023 through the date that notice of the class action is provided to the class (collectively referred to as

AMENDED CLASS ACTION COMPLAINT

"Class Members").

34.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

35.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.     **Numerosity**

36.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

37.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

B.     **Commonality**

38.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    A.     Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

    B.     Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

    C.     Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

    D.     Did Defendants violate Labor Code section 226.7 by not providing Class Members

with additional wages for missed or interrupted meal periods?

E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time?

L.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

M.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

N.   Are Class Members entitled to costs and attorneys' fees?

O.   Are Class Members entitled to interest?

C.   **Typicality**

39.      The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and

1  regulations that have the force and effect of law and statutes as alleged herein.

2      **D.**      **Adequacy of Representation**

3      40.      Plaintiff will fairly and adequately represent and protect the interest of Class Members.

4  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class

5  actions.

6      **E.**      **Superiority of Class Action**

7      41.      A class action is superior to other available means for the fair and efficient adjudication

8  of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law

9  and fact common to Class Members predominate over any questions affecting only individual Class

10  Members.  Class Members, as further described therein, have been damaged and are entitled to

11  recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the

12  Labor Code at times, as set out herein.

13      42.      Class action treatment will allow Class Members to litigate their claims in a manner

14  that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of

15  any difficulties that are likely to be encountered in the management of this action that would preclude

16  its maintenance as a class action.

17                    **FIRST CAUSE OF ACTION**

18              **(Failure to Pay Overtime Wages – Against All Defendants)**

19      43.      Plaintiff realleges and incorporates by reference all of the allegations contained in the

20  preceding paragraphs as though fully set forth hereat.

21      44.      At all relevant times, Plaintiff and Class Members were employees or former

22  employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

23  Wage Orders.

24      45.      At all times relevant to this Complaint, Labor Code section 510 was in effect and

25  provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in

26  one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at

27  the rate of no less than one and one-half times the regular rate of pay for an employee."

28

46.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

47.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

48.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

49.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

50.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

51.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

52.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class

Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

53.    For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

54.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

55.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

56.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

57.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

58.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

59.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of

compensation for each workday that the meal period is not provided.

60.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

61.    By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

62.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

63.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

64.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

65.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

66.    California law and applicable Wage Orders require that employers "authorize and

permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

67.  Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

68.  For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

69.  By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

70.  As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

71.  Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

72.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

73.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

74.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

75.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

76.    Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

77.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or

1    resignation, until paid, up to a maximum of thirty (30) days.

2        78.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

3    suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

4    prior to termination or resignation.

5        79.        Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

6    1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

7    waiting time penalties, interest, and their costs of suit, as well.

8                              **SIXTH CAUSE OF ACTION**

9        **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

10        80.        Plaintiff realleges and incorporates by reference all of the allegations contained in the

11    preceding paragraphs as though fully set forth hereat.

12        81.        At all relevant times, Plaintiff and Class Members were employees or former

13    employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

14        82.        Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were

15    entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

16    statement that accurately reflects, among other things, gross wages earned; total hours worked; net

17    wages earned; all applicable hourly rates in effect during the pay period and the corresponding number

18    of hours worked at each hourly rate; among other things.

19        83.        Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

20    before the filing of the Complaint in this Action through the present, Defendants failed to comply with

21    Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

22    failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

23    accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all

24    applicable hourly rates in effect during the pay period and the corresponding number of hours worked

25    at each hourly rate; among other things.

26        84.        Defendants' failure to, at times, provide Plaintiff and Class Members with accurate

27    wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff

28

1   and the other Class Members with accurate wage statements, but, at times, willfully provided wage

2   statements that Defendants knew were not accurate.

3       85.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

4   suffered injury.  The absence of accurate information on Class Members' wage statements at times

5   has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and

6   mathematical computations to determine the amount of wages owed; causes difficulty and expense in

7   attempting to reconstruct time and pay records; and led to submission of inaccurate information about

8   wages and amounts deducted from wages to state and federal governmental agencies, among other

9   things.

10      86.    Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are

11  entitled to recover $50 for the initial pay period during the period in which violation of Labor Code

12  section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay

13  period, not to exceed an aggregate $4,000.00 per employee.

14      87.    Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure

15  section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full

16  amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees,

17  and costs of suit.

18      **<u>SEVENTH CAUSE OF ACTION</u>**

19      **(Violation of Labor Code § 2802 – Against All Defendants)**

20      88.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

21  preceding paragraphs as though fully set forth hereat.

22      89.    At all relevant times, Plaintiff and Class Members were employees or former

23  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

24      90.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

25  his or her employee for all necessary expenditures or losses incurred by the employee in direct

26  consequence of the discharge of his or her duties . . ."

27      91.    For three (3) years prior to the filing of the Complaint in this Action through the

28

present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: Purchasing and laundering mandatory work uniforms; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

92.      During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class Members for those losses and/or expenditures.

93.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

94.      Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants)

95.      Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

96.      According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

97.      Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

98.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

1  employees or former employees within the State of California with compensation at their final rate of

2  pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

3      99.    As a proximate result of Defendants' failure to pay vested vacation at the final rate of

4  Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code

5  section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their

6  final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and

7  Class Members, on the one hand, and Defendants, on the other hand.

8      100.    As a further proximate result of Defendants' above-described acts and/or omissions,

9  Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

10  prejudgment interest.

11  **<u>DEMAND FOR JURY TRIAL</u>**

12      101.    Plaintiff demands a trial by jury on all causes of action contained herein.

13  **<u>PRAYER</u>**

14      WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

15  against Defendants as follows:

16      A.    An order certifying this case as a Class Action;

17      B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's

18      counsel as class counsel;

19      C.    Damages for all wages earned and owed, including minimum and overtime wages

20      and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

21      1194, 1197 and 1199 and 227.3;

22      D.    Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

23      E.    Damages for unpaid premium wages from missed meal and rest periods under,

24      among other Labor Code sections, 512, 558.1 and 226.7;

25      F.    Penalties for inaccurate wage statements under Labor Code sections 226, subdivision

26      (e) and 558.1;

27      G.    Waiting time penalties under Labor Code sections 203 and 558.1;

28

1    H.    Penalties to timely pay wages under Labor Code section 210;

2    I.    Damages under Labor Code sections 2802 and 558.1;

3    J.    Preliminary and permanent injunctions prohibiting Defendants from further violating

4        the California Labor Code and requiring the establishment of appropriate and

5        effective means to prevent future violations;

6    K.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

7    L.    For attorneys' fees in prosecuting this action;

8    M.    For costs of suit incurred herein; and

9    N.    For such other and further relief as the Court deems just and proper.

10

11    Dated:  November 26, 2025              BIBIYAN LAW GROUP, P.C.

12

13                                    BY:  /s/ CALYN V. HADLOCK

14                                        MOLLY A. DESARIO
                                         CALYN V. HADLOCK

15                                        SAREEN K. KHAKH
                                    Attorneys for Plaintiff MARION J. CARROLL

16                                    and on behalf of all others similarly situated

17

18

19

20

21

22

23

24

25

26

27

28